UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA STACY and MARGARET MCKENNA,<br><br>                               Plaintiffs,<br>v.<br>RENEWABLE ENERGY, LLC et al.,<br>                              Defendants. | Case No.: 3:17-CV-755-CAB-WVG<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND ENTERING JUDGMENT IN FAVOR OF PLAINTIFFS**<br><br>[Doc. No. 17] |

This matter is before the Court on Plaintiffs' motion for a default judgment. None of the defendants have appeared in this case, and no response to the motion has been filed. For the following reasons, the motion is granted.

**I.    Background**

Plaintiffs filed this lawsuit on April 14, 2017. They amended their complaint twice, and the second amended complaint ("SAC") filed on July 12, 2017, is the operative complaint. [Doc. No. 9.] The defendants are Renewable Energy Center, LLC and West Coast Center, LLC (together, the "Entity Defendants"), and Ori Bytton, Imane Bytton, and Yossi Ohayon (together, the "Individual Defendants"). According to the SAC, the Individual Defendants each own, run, are responsible for, or are the alter egos of the Entity Defendants. The SAC alleges that Defendants called Plaintiff Rebecca Stacy's cellular

telephone using an automatic telephone dialing system ("ATDS") without her consent six times, and called Plaintiff Margaret McKenna's cellular telephone using an ATDS without her consent three times. The SAC alleges that these calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and seeks statutory damages.

Plaintiffs served the summons and SAC on all of the Defendants on July 26, 2017. None of the defendants have appeared in the case, and the Clerk of Court entered a default against them on October 11, 2017. Plaintiffs now move for default judgment against all Defendants.

**II. Discussion**

In light of Defendants failure to respond to the SAC, all of the allegations contained within it, aside from the amount of damages, are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir. 1992).

It is within the Court's discretion to enter default judgment following entry of default by the clerk. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has identified seven factors for district courts to consider before entering default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72. None of these factors preclude entry of default judgment here.

**A. Possibility of prejudice to Plaintiffs**

If denial of default judgment will likely leave Plaintiffs without recourse for recovery, such potential prejudice to Plaintiff favors granting default. *PepsiCo, Inc. v.*

*California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, Defendants have not appeared, and Plaintiffs have no other means to obtain relief. Plaintiffs will likely suffer prejudice in the absence of a default judgment.

### B.     Merits of Plaintiffs' substantive claim and sufficiency of the SAC

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages will be taken as true." *Geddes*, 559 F.2d at 560. The court must examine the complaint to determine whether the plaintiff adequately pled a claim for relief. *Danny v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). An adequately pled complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, the SAC adequately alleges that Defendants violated the TCPA with six calls to Stacy's cellular phone, and violated the TCPA with three calls to McKenna's cellular phone. Accordingly, the Court concludes that Plaintiffs have adequately pled claims for relief and finds this favor weighs in favor of entering default judgment against Defendants.

### C.     The sum of money at stake

Courts "consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo,* 238 F. Supp. 2d at 1176. Here, Plaintiffs are seeking statutory damages totaling $4,500, and costs totaling $900. The sum of money at stake is not large, so this factor weighs in favor of entry of default.

### D.     The possibility of a dispute concerning material facts

Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *Televideo v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987); *Geddes*, 559 F.2d at 560. Because "defendant[s] ha[ve] made no attempt to challenge the accuracy of the allegations in the complaint," no factual dispute precludes entry of default judgment. *Landstar Ranger, Inc. v. Parth Enters.,* 725 F. Supp. 2d 916, 921-22 (C.D. Cal. 2010).

### E. Whether the default was due to excusable neglect

Defendants were properly served with the summons and complaint. [Doc. Nos. 12, 14.] In addition, Plaintiffs' counsel spoke with Defendants' counsel about this case. [Doc. No. 7-2.] Therefore, the default is not due to excusable neglect. *See, e.g., Craigslist, Inc. v. Kerbel,* No. 11-3309, 2012 WL 3166798, at *8 (N.D. Cal. Aug. 2, 2012) (holding that the defendant's default was unlikely due to excusable neglect considering fact that "Plaintiffs served not only the summons and complaint but also the request for entry of default on Defendant but still received no response").

### F. The strong policy favoring decisions on the merits

"Defendant[s'] failure to answer Plaintiff[s'] Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. Here, Defendants have failed to file or answer or otherwise respond to the Complaint, but this does not preclude the Court from entering default judgment against them. *Id.*

Having considered the above factors, default judgment is appropriate.

## III. Damages

The SAC alleges nine phone calls made in violation of the TCPA. Six of these calls were made to Stacy, and three were made to McKenna. Assuming the truth of the allegations in the TCPA, Defendants are liable for $500 in statutory damages per call. 47 U.S.C. § 227(b)(3)(B). Accordingly, Stacy is entitled to a statutory damage award of $3,000, and McKenna is entitled to a statutory damage award of $1,500. In addition, Plaintiffs are entitled to the $900 in costs they incurred consisting of the filing fee and costs for service of process on Defendants.

## IV. Disposition

Plaintiffs' motion for default judgment is **GRANTED**. The Clerk of Court shall enter **JUDGMENT** as follows:

1. In favor of Plaintiff Rebecca Stacy and against Defendants, jointly and severally, for $3,000;

2. In favor of Plaintiff Margaret McKenna and against Defendants, jointly and severally, for $1,500; and

3. Costs of $900 are taxed against Defendants, jointly and severally, and in favor of Plaintiffs.

It is **SO ORDERED**.

Dated: February 28, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge